## STATE OF FLORIDA v. RIDER
### Case No. 82-23774
Eleventh Judicial Circuit, Dade County
March 25, 1983

Jayne Weintraub & Milton Hirsch, for plaintiff.

George T. Pallas, for defendant.

JOSEPH F. FARINA, Circuit Judge.

THIS CAUSE came on to be heard on the Defendant's Sworn Motion to Dismiss the Information filed against him. The Court having

heard legal argument from Assistant State Attorneys and defense Counsel, read Memorandum of Law filed by both parties, examined the Court file and specifically the deposition of the complaining witness, MARIAN RIDER, and this Court being otherwise advised in the premises:

## STATEMENT OF FACTS

1. Defendant, WILLIAM RIDER, and the alleged victim, MARIAN RIDER, were married to each other on September 1, 1979.

2. That until September 23, 1982, the date of the alleged offense:

(a) The Defendant and Mrs. Rider were living together as husband and wife;

(b) Mrs. Rider had not filed any dissolution of marriage proceedings;

(c) Mrs. Rider had not obtained any temporary restraining order enjoining the Defendant from molesting, harrassing or interfering with her;

(d) There was not a judicial decree of separation nor a written separation agreement; and

(e) The Defendant and Mrs. Rider were residing in the same marital residence and not living apart.

3. Mrs. Rider stated, under oath, that the Defendant never physically abused her prior to September 26, 1982.

## CONCLUSIONS OF LAW

1. There is a common law interspousal exception which precludes a husband from being prosecuted for the forceable rape of his wife. 1 Hale, History of the Pleas of the Crown, 629.

2. Florida is a common law State, Florida Statutes §2.01.

3. Florida sexual battery statute enacted in 1975 is silent as to the common law interspousal exception, Florida Statute §794.011.

4. Statutes in derogation of the common law are to be strictly construed thereby raising a presumption that there is no change in the common law unless the Statute is explicit in that regard. 30 Fla. Jur. Statutes, §130.

5. The authority on which the State relies is distinguishable due to specific factual predicates differing from the instant case, to-wit:

(a) *State v. Smith*, 401 So. 2d 1126 (5th DCa 1981): a filed divorce action and temporary restraining order between the parties, and separate residences prior to the incident; and

(b) *State v. Smith*, 426 A. 2d 38 (N.J. 1981): the parties living separately for approximately one year and in different cities prior to the incident.

6. The overwhelming majority of States have preserved this interspousal exception by:

(a) requiring the complaining witness to first initiate a judicial proceeding, have a separation agreement and/or physically separate herself from the defendant;

(b) specifically allowing the marital exception by Statute; and

(c) conforming to previously adopted common law.

(d) some few State have abolished the marital exception *by statute* (emphasis supplied).

7. This Court is unaware of any State case in which a trial Judge struck this common law doctrine without the complaining witness first initiating a judicial proceeding, having a separate agreemenht and/or physically separating herself from the defendant. The case at bar does not reflect any of these factual prerequisites.

It is therefore ORDERED that Defendant's Sworn Motion to Dismiss the Information as being in derogation of the common law interspousal exception is granted.\*\*\*

---

***(a) The common law principles apparently relied upon the justify the exception appear no longer viable or, at best, subject to legitimate criticism (a wife is a chattel of her husband; a husband and wife are one person and no longer retain separate legal existence after marriage; and a wife irrevocably consents to sexual intercourse upon marriage). See *State v. Smith*, 401 So 2d 1126 (5th DCA 1981), and *State v. Smith*,426 A. 2d 38 (N.J. 1981).

***(b) A glaring defect in the Florida sexual battery law presently exists which requires legislative review.

***(c) As compelling as arguments may be to strike the interspousal exception, this trial Judge is not at liberty to decide what is wise, appropriate or necessary in terms of legislation. Only the legislature is so empowered. It is the prerogative of the legislature to change it.